# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Louis Arzell Gulley,                         Civil No. 10-2637 JRT/AJB

           Petitioner,

v.

                               **REPORT AND RECOMMENDATION**

Warden Jett,

           Respondent.

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1]. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(a). Petitioner Louis Gulley is a federal prisoner presently incarcerated at the Federal Medical Center at Rochester, Minnesota. In his petition the prisoner seeks an order requiring the Bureau of Prisons (BOP) to grant him 16 months of jail credit to allow his release on January 12, 2011.[1] Mr. Gulley contends that he has been unlawfully denied federal sentencing credit for time spent in the Wayne County Jail while serving a state sentence in Michigan. He is now serving a 77-month federal sentence, to be followed by two years supervised release, on a conviction for bank robbery in the Eastern District of Michigan. His current projected release date is May 12, 2012, with good time credit. The respondent opposes the petition, asserting that the prisoner's sentence has been lawfully calculated and that Mr.

---

[1] Petitioner also filed a subsequent "Motion to Grant Sixteen Months Jail Credit" [Docket No. 10], in which he merely asserts that Respondent Warden Jett did not comply with the court's Order dated June 30, 2010. The referenced Order required the respondent to make a return within 30 days of the date of the Order. The respondent's return was timely filed on July 30, 2010, and the court finds no other failure to comply with the Order. The Motion at Docket No. 10 is therefore without merit on its face.

Gulley is seeking federal credit for pre-sentence time spent in state custody for which he is not entitled to receive such double credit under federal law.

The government expressly acknowledges that the warden is the correctly named respondent in this action; the court has jurisdiction under 28 U.S.C. § 2241 because the petitioner is challenging the fact or duration or his detention; and venue is appropriate because FMC-Rochester is located in the District of Minnesota. In addition, the respondent asserts that Mr. Gulley has completed the BOP's three step administrative remedy process under 28 C.F.R. § 542, and the petition is therefore not challenged on exhaustion grounds.[2] The petitioner requested and was granted time to reply to the respondent's return, but no reply was submitted.

**Background and Claims**

Petitioner Louis Gulley was sentenced in June 1989, to a prison term of five-to-twenty years on a Michigan state conviction on a drug offense.[3] In November 1992, he was sentenced in Michigan state court to a term of eighteen months-to-five years on a weapons charge.[4] Gulley was released on parole from these state sentences on October 28, 1999.[5] On

---

[2] [Docket No. 1]. Petition and Exhibits. Petitioner Louis Gulley completed the three-step appeal process twice. In complying with each process, petitioner requested and was denied relief at the institution level; the Regional Director denied the petitioner's appeal to the North Central Regional Office; and the Administrator of National Inmate Appeals denied Mr. Gulley's appeal to the Central Office. The first round of appeals related to a request that the prisoner be granted custody credit for 83 months spent in state custody by way of a *nunc pro tunc* designation to allow retroactive or concurrent sentencing. In the second round of administrative appeals the prisoner sought credit for 16 months spent at the Wayne County Jail in Detroit, Michigan, between January 2000, and May 24, 2001. The petition now before the district court relates to the 16-month jail credit request.

[3] Decl. of Patrick Liotti, ¶ 2.

[4] Decl. of Patrick Liotti, ¶ 2.

[5] Id.

December 15, 1999, the prisoner was returned to state custody on a parole violation following an arrest for arson and obstruction of justice.[6]

Thereafter, a writ of habeas corpus *ad prosequendum* was executed by the U.S. Marshals Service on January 31, 2000, to obtain petitioner's presence in United States District Court in the Eastern District of Michigan to face charges for a bank robbery committed on December 2, 1999.[7] Mr. Gulley was sentenced to a 70-month federal prison term on May 24, 2001.[8] He was released from the writ of habeas corpus *ad prosequendum* and returned to Michigan state authorities on June 25, 2001, to complete the state sentence.[9] Petitioner's federal sentence was amended to 77 months imprisonment on April 25, 2003.[10] Mr. Gulley was again given parole on his state sentence on October 10, 2006, and was released to federal authorities for commencement of his federal sentence on that date.[11] On November 29, 2006, the Michigan Department of Corrections notified the BOP that the prisoner had received state sentence credit for all jail time served since the initial imposition of sentence on June 12, 1989, and that he would continue to receive credit on his remaining state sentence while in federal custody.[12] The petitioner was not given credit on his federal sentence for jail time served before October 10,

---

[6] Id., ¶ 3.

[7] Id., ¶ 4, Attach. C., Judgment in a Criminal Case.

[8] Id.

[9] Id., ¶ 4, Attach. B, Prisoner Tracking System Form.

[10] Id. ¶ 4, Attach. D, Judgment in a Criminal Case.

[11] Id., ¶ 6, Attach. E, Prisoner Tracking System Form.

[12] Decl. of Patrick Liotti, ¶ 6, Attach. G.

3

2006, with the exception of 31 days following his federal sentencing on May 24, 2006, and his release from the federal writ of habeas corpus *ad prosequendum* on June 25, 2006. Specifically with respect to this case, Mr. Gulley did not receive credit for the 16 months from January 31, 2000, to May 24, 2001, during which time he was subject to the writ of habeas corpus *ad prosequendum*, but had not yet been sentenced in federal court.

Petitioner first challenged his federal sentence by seeking *nunc pro tunc* designation through the BOP and the sentencing court, U.S. District Court Judge Arthur J. Tarnow, Eastern District of Michigan. A staff request that he be given credit for 83 months time spent in state custody was submitted on May 9, 2009, and was denied on May 11, 2009.[13] A written request for administrative remedy was made to the warden on May 20, 2009, and was denied by response dated July 1, 2009.[14] A Regional Administrative Remedy Appeal was promptly submitted on July 8, 2009, and the petitioner therein expressly stated that he was seeking *nunc pro tunc* designation for retroactive or concurrent sentencing. The regional appeal was denied on August 8, 2009.[15] Mr. Gulley then appealed to the Central Office on August 17, 2009. The final administrative remedy request was denied on December 7, 2009, by response in which the petitioner was advised that the federal sentencing court had been contacted for a statement as to its position on a retroactive designation and had indicated that the court was not opposed to *nunc pro tunc* designation by the BOP, but that the BOP determined that such designation was not appropriate in light of the petitioner's criminal history, his record of

---

[13] Pet., Attached Ex.

[14] Id.

[15] Id.

violating conditions of parole and institution rules, and the absence of an affirmative court recommendation for concurrent sentencing.[16]

Meanwhile, in February 2009, the petitioner filed a "Motion to Correct Sentence" in District Court for the Eastern District of Michigan, in which he requested 16 months sentencing credit that he was told he would receive at his federal guilty plea hearing on February 22, 2001.[17] This request was denied as moot by Order of Judge Tarnow dated November 19, 2009, indicating that the petitioner had already received credit for pre-sentence time.[18] The district court was advised of the Central Office final determination by correspondence dated December 10, 2009.[19] Petitioner then submitted another institution-level request for re-computation of his jail credit by request dated January 20, 2010, specifically seeking credit from January 2000, to May 24, 2001.[20] The request was denied on February 11, 2010, by reference to the prior Central Office appeal decision.[21] Another Regional Administrative Remedy Appeal for 16 months credit was submitted,[22] and this appeal was denied on March 24, 2010.[23] A Central

---

[16] Pet., Attached Ex.

[17] Decl. of Angie Coyle, Attach. D.

[18] Pet., Attached Ex.

[19] Id.

[20] Id.

[21] Id.

[22] Pet., Attached Ex.

[23] Id.

5

Office appeal was denied on May 26, 2010.[24]

The grounds for relief that are stated in the petition for writ of habeas corpus under 21 U.S.C. § 2241, is simply that the prisoner is entitled to 16 months jail credit to allow his release on January 12, 2011. The petition advises the court that his request for *nunc pro tunc* designation had been denied in administrative proceedings, but he makes no direct claim or argument for such designation, except as may be gleaned from exhibits filed along with the petition. Based upon the beginning and ending dates of the time for which Mr. Gulley is seeking federal sentencing credit, the court concludes that the petitioner contends that custody pursuant to the federal writ of habeas corpus *ad prosequendum* should be construed as federal custody for sentencing purposes.[25]

**Discussion**

The petition in this matter contains essentially no substantive argument in support of Mr. Gulley's claim that he has been unlawfully denied credit on his federal sentence for the time commencing with his federal arraignment on January 31, 2000, until his sentencing on May 24, 2001. Rather, the court must rely upon the prisoner's various administrative complaints and appeals to determine any basis for his claims. In that regard the first three-step administrative appeal process exclusively addressed a request for *nunc pro tunc* designation as to 83 months in state custody on a parole violation. Mr. Gulley based his request on the decision in <u>Barden v.</u>

---

[24] Id.

[25] Id., Attached Ex., Central Office Administrative Remedy Appeal dated April 20, 2010, Reason for Appeal: "Please give me sixteen (16) months jail credit for my federal Bank Robbery sentence from dates of arraignment 01/31/2000 till sentencing 05/24/2001. I spent this time in Wayne County Jail which is located in Detroit, MI."

6

Keohane, 921 F.2d 476, 478 (3rd Cir. 1990), in which the court stated that the BOP has the authority to make a *nunc pro tunc*, i.e. "now for then," designation, and has an obligation to review such a request, though the manner is which the authority is exercised is discretionary. Factors appropriate to consider are the nature of the crime, the prisoner's conduct in custody, and BOP practice in making such designations. Id. The BOP completed a Barden v. Keohane review in this case and the request for *nunc pro tunc* designation was denied. The petition now before the court involves a more limited claim for approximately 16 months credit for time during which the petitioner was subject to a writ of habeas corpus *ad prosequendum*. The documents submitted in the second three-step administrative process offer no legal argument in support of the claim, and neither the administrative documents nor the petition in this case contain a specific or inferred claim that the BOP abused its discretion in denying the *nunc pro tunc* request. However, the petitioner did allege that he had not received credit for the 16 months on the Michigan state sentence.[26]

Pursuant to 18 U.S.C. § 3585(b),[27] a federal defendant is not entitled to credit for detention time that has been credited to another sentence. In the present instance Mr. Gulley was transferred to the Wayne County Jail in Detroit, Michigan pursuant to a writ of habeas corpus *ad prosequendum* for purposes of arraignment and subsequent proceedings relating to a federal

---

[26] Pet., Attached Ex.

[27] 18 U.S.C. § 3585(b) provides:
—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
  (1) as a result of the offense for which the sentence was imposed; or
  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

7

bank robbery charge. At the time he was already serving a state sentence.

Only the location of the sentence that is currently being served is changed as the result of a prisoner being released into federal custody from a state prison by way of writ of habeas corpus *ad prosequendum*. Munz v. Michael, 28 F.3d 795, 798 (8th Cir. 1994)(citations omitted). When a prisoner who is under the primary jurisdiction of one sovereign is temporarily transferred to face a charge brought by another sovereign, the prisoner is considered to be "on loan" to the second sovereign and primary jurisdiction does not change. United States v. Cole, 416 F.3d 894, 896-97 (8th Cir. 2005). In this case the petitioner was not placed into federal custody merely by reason of the writ of habeas corpus *ad prosequendum*, and he cannot be given credit on his federal sentence on that basis alone.

Second, pursuant to the express language of 18 U.S.C. § 3585(b) the petitioner can receive credit for time he was detained before sentencing only if the time was not credited to any other sentence. Consequently, a defendant cannot be awarded double sentencing credit for the same time period. United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993); Singleton v. Hollingsworth, 2006 WL 2067761 (D. Minn., July 24, 2006)(citing United States v. Wilson, 503 U.S. 329, 337 (1992)). The respondent in this matter has made an ample showing that Mr. Gulley was indeed given credit on his Michigan state sentence for the time spent in the Wayne County Jail from January 31, 2000, through May 24, 2001. Specifically, the BOP was advised that the petitioner had received credit on his state sentence for all time from June 12, 1989, until his state parole began on October 10, 2006, when he was released to begin his federal sentence.[28]

---

[28] Decl. of Patrick Liotti, ¶ 6, Attach. G, e-mail message from Diana Judge, Records Intake Audit Specialist.

This period of time fully encompasses the 16 months at issue in this case, and the petitioner offers no factual grounds on which to base a claim that he did not receive state sentence credit.

Finally, the federal sentencing judge can order that the prisoner be awarded credit on a federal sentence for time served on a state sentence when the two sentences are served at the same time and the federal sentencing judge has ordered that the two sentences run concurrently. Singleton v. Hollingsworth, 2006 WL 2067761 at *1. However, even under those circumstances the court cannot contravene the statutory directives of 18 U.S.C. § 3585(b) as assigned to the BOP and therefore cannot order that the defendant receive credit toward his federal sentence for time already served on the state sentence. Id. at *5. Consequently, the court cannot overrule BOP authority and order that petitioner receive retroactive or concurrent sentencing through *nunc pro tunc* designation. Petitioner in this matter is not entitled to credit on his federal sentence for the approximate 16-month time period from January 31, 2000, to May 24, 2001, during which he was in Michigan state custody but subject to a writ of habeas corpus *ad prosequendum* for purposes of federal prosecution.

Based upon the foregoing discussion, along with the petition and exhibits and the memorandum response and submissions, the magistrate judge makes the following:

### RECOMMENDATION

It is **Hereby Recommended** that petitioner Louis Arzell Gulley's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **denied** [Docket No. 1] and that this action be **dismissed** with prejudice . It is **Further Recommended** that the petitioner's Motion to Grant Sixteen Months Jail Credit be **denied** [Docket No. 10].

Dated:      October 26, 2010

s/ Arthur J. Boylan
                                                                    Arthur J. Boylan
                                                                    United States Chief Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before November 9, 2010. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.