UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LOUIS ARZELL GULLEY,                    Civil No. 10-2637 (JRT/AJB)

　　　　　　　　　Petitioner,

v.                                      **ORDER ADOPTING THE REPORT
                                        AND RECOMMENDATION OF THE
WARDEN JETT,                            MAGISTRATE JUDGE**

　　　　　　　　　Respondent.

---

Louis Arzell Gulley, #27827-039, PMB 4000, Rochester, MN 55903, *pro se*.

Ana H. Voss and Gregory G. Booker, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Louis Arzell Gulley, presently incarcerated at the Federal Medical Center in Rochester, Minnesota, filed this petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) In a Report and Recommendation dated October 26, 2010, United States Magistrate Judge Arthur J. Boylan recommended that the Court deny Gulley's habeas petition.[1] (Docket No. 13.) Before the Court are Gulley's timely objections to the Report and Recommendation. (Docket No. 14.) The Court reviews *de novo* those portions of the Report and Recommendation to which Gulley objects. 28 U.S.C. § 636(b)(1)(C); D. Minn. Local R. 72.2. For the reasons set forth below, the

---

[1] The Magistrate Judge also concluded that Gulley's "Motion to Grant Sixteen Months Jail Credit" (Docket No. 10), in which he asserts that respondent did not comply with a previous order, was meritless. Gulley does not challenge this portion of the Magistrate Judge's order.

Court overrules Gulley's objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Gulley was sentenced on June 12, 1989 to a prison term of five to twenty years on a Michigan state court conviction of a drug offense. (Decl. of Patrick Liotti, July 7, 2010, ¶ 2, Docket No. 7.) On November 9, 1992, Gulley was sentenced in Michigan state court for an additional eighteen months to five years for an Inmate in Possession of a Weapon charge. (*Id.*) Gulley was released on parole from these state sentences on October 28, 1999. (*Id.*) Shortly after his release, Gulley was returned to Michigan state custody on a parole violation. (*Id.* ¶ 3.)

After Gulley's return to Michigan state custody, the United States Marshals Service executed a writ of habeas corpus *ad prosequendum* on January 31, 2000, to obtain Gulley's presence in United States District Court in the Eastern District of Michigan to face charges for a bank robbery committed on December 2, 1999. (*Id.* ¶ 4.) On May 24, 2001, after his conviction on these charges, Gulley was sentenced to a seventy month federal prison term. (*Id.*) This sentence was later amended to a seventy seven month term. (*Id.* ¶ 4, Attach. D.) On June 25, 2001, Gulley was returned to state custody. (*Id.*) On October 10, 2006, Gulley was paroled from his state sentences and released to federal custody to begin his federal sentence. (*Id.* ¶ 6, Attach. G.)

Gulley filed this petition for habeas corpus, arguing that he is entitled to credit the sixteen month period between the execution of the writ of habeas corpus

*ad prosequendum* and the May 24, 2001 sentencing towards his federal sentence. Gulley "wants proof from the state of Michigan that they issue [sic] him state credit under the state computation method." (Objection to Report & Recommendation at 1, Docket No. 14.) Further, Gulley argues that his conviction does not call for consecutive sentencing.

## ANALYSIS

A federal defendant is not entitled to receive credit for detention time that has been credited to another sentence. 18 U.S.C. § 3585(b) (allowing prisoners to receive credit "for any time . . . spent in official detention . . . that has not been credited against another sentence"). It is clear from both the applicable law and from record evidence that Gulley received credit toward his state sentence during the sixteen month period at issue.

When Gulley was transferred to federal custody pursuant to the writ of habeas corpus *ad prosequendum* for his federal arraignment and proceedings, he was already serving his state sentence. (Liotti Decl. ¶ 4, Docket No. 7.) When a prisoner is released into federal custody by way of a writ of habeas corpus *ad prosequendum*, **only the location** of detention is changed. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir 1994). The prisoner is considered to be temporarily "on loan" to the federal jurisdiction, and the primary jurisdiction is not affected. *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005). Primary jurisdiction is relinquished when the prisoner is released on bail, charges are dismissed, the prisoner is paroled, or the prisoner's sentence expires. *Id.* at 897.

In this case, Michigan state officials had primary jurisdiction until Gulley was released on parole on October 10, 2006. Gulley was therefore serving his state sentences even while he was "on loan" to the federal jurisdiction. Respondent has offered record evidence, in the form of a message from a Michigan state official, confirming that Gulley was given credit on his Michigan state sentence between January 31, 2000 and May 24, 2001. Because Gulley received credit on his Michigan state sentence for this sixteen month period, he is not eligible to receive "double" credit on his federal sentence for the same period. *See United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993).

Gulley also argues that he should be deemed to have served his sentences concurrently. A prisoner may receive credit on a federal sentence for time served on a state sentence, but only if the two sentences are served at the same time, and the federal sentencing judge orders the two sentences to be served concurrently. *Singleton v. Hollingsworth*, No. 05-2082, 2006 WL 2067761 at *1 (D. Minn. July 24, 2006). Federal sentences are presumed to be consecutive and not concurrent to state sentences unless a sentencing court provides otherwise. *Greathouse v. United States*, 548 F.2d 225, 228 n.7 (8th Cir. 1977). Here, the sentencing court did not order that Gulley's sentences run concurrently; therefore, they were intended to be served consecutively. (Liotti Decl., Attach. D, Docket No. 7.)

Because Gulley received credit on his state sentence for the sixteen month period at issue and because his federal and state sentences were consecutive, he is not entitled to credit on his federal sentence for any time during which he was in Michigan state

- 5 -

custody, including the period in which he was subject to a writ of habeas corpus *ad prosequendum* for purposes of federal prosecution.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** petitioner Louis Arzell Gulley's objections [Docket No. 14] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated October 26, 2010 [Docket No. 13]. Accordingly, **IT IS HEREBY ORDERED** that Gulley's Petition for Writ of Habeas Corpus [Docket No. 1] and Motion to Grant Sixteen Months Jail Credit [Docket No. 10] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 25, 2011                                  ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                         United States District Judge